UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NITYOKE BAPTISTE                                    CIVIL ACTION

VERSUS                                              NO. 23-1408-SDD-EWD

STATE FARM FIRE AND
CASUALTY INSURANCE
COMPANY

**RULING**

This matter is before the Court on the Motion to Exclude Former Counsel from Settlement Payment[1] by Plaintiff, Nityoke Baptiste ("Plaintiff"). This proceeding arises out of damage to Plaintiff's home due to Hurricane Ida. Plaintiff was originally represented by law firm of McClenny, Moseley & Associates ("MMA"), and this matter was settled in principle on October 23, 2024.[2] Plaintiff maintains that, since this time, counsel had made diligent efforts to find a mutually acceptable means of settlement with MMA and/or division of attorneys' fees; however, these requests for compromise have been ignored. Thus, Plaintiff asks this Court to do "everything in its power to make sure that the homeowner in this case" receives the proceeds of the settlement.[3] This Court lacks such power.

On April 9, 2024, MMA filed a Petition for Chapter 11 Bankruptcy in the Bankruptcy Court for the Southern District of Texas, Case No. 24-31596, and an automatic stay was issued pursuant to Section 362 of the Bankruptcy Code.

Once a party files for bankruptcy, the automatic stay provision under 11 U.S.C.A.

---

[1] Rec. Doc. 22.
[2] Rec. Doc. 22-1, p. 1.
[3] *Id.*

§ 362(a) generally renders other courts without jurisdiction to determine rights between parties, as conflicts must be resolved by the bankruptcy court. The automatic stay is designed to centralize disputes concerning the debtor and the property of the bankruptcy estate in the bankruptcy court, ensuring an orderly and equitable distribution of assets and protecting the debtor from harassment by creditors.[4] The scope of the automatic stay is broad, encompassing almost any type of formal or informal action against the debtor or property of the estate.[5] It prevents any collection activity against property of the estate and imposes an affirmative duty to discontinue post-petition collection actions.[6] The stay applies to the commencement or continuation of judicial, administrative, or other actions against the debtor that were or could have been commenced before the bankruptcy filing.[7]

Thus, this Court lacks jurisdiction to act on Plaintiff's motion unless MMA's bankruptcy case has been resolved or the Bankruptcy Court has issued an Order allowing this Court to proceed. Plaintiff urges the Court to follow the Eastern District of Louisiana's Order in *In re: Hurricane Ida Claims*, wherein the court excluded MMA from all proceeds of settled claims based on **pre-petition** findings that "MMA voluntarily and knowingly waived and forfeited whatever rights it may have had in fees and/or costs in its former cases in this District before it declared bankruptcy."[8] However, no such findings have been made in the Middle District of Louisiana, and the Court is not aware of any stipulations or waiver of rights by MMA in this district. Thus, the Court cannot follow the Order from the Eastern District of Louisiana.

---

[4] *In re Cashco, Inc.*, 599 B.R. 138 (2019).
[5] *Burton v. Infinity Capital Management*, 862 F.3d 740 (2017).
[6] *Id.*
[7] *In re International Heritage, Inc.*, 239 B.R. 306 (1999).
[8] Rec. Doc. 22-2 (citing *Ricks v. Imperial Fire & Cas. Ins. Co.*, Civ. A. No. 23-cv-02844 (E.D. La.)(rec. doc. 51); *Foskey v. American Modern Property and Casualty Insurance Company*, Civ. A. No. 23-cv-5316 (Dec. 12, 2024)(rec. doc. 21).

This situation has sadly arisen in several other cases involving MMA. For example, in *Yokubaitis v. State Farm Fire & Casualty Co.*,[9] parties reached a settlement arising out of claims related to damage sustained by Hurricane Laura. MMA had previously represented Plaintiff; however, the Cox law firm settled the case.[10] Before the court was aware of the bankruptcy proceedings, it issued an order extinguishing property rights of MMA. MMA subsequently filed an adversary proceeding against Cox, "seeking a declaratory judgment regarding the determination of property of the bankruptcy estate, turnover of estate property, and violation of the automatic stay," and Cox sought relief from the district court that had previously dismissed the case.[11] The court rejected this relief, finding as follows:

> Cox's motion represents an attempt to evade the automatic stay, which operates to bar Cox from proceeding against MMA's potential property interests in these funds held in trust outside of the purview of the bankruptcy court. The record in MMA's bankruptcy proceeding does not indicate whether Cox has been served with the adversary proceeding, but this is irrelevant to the operation of the automatic stay. Cox's motion specifically seeks a hearing, as to which MMA would necessarily be the "defendant." Accordingly, Cox seeks to prosecute a claim against MMA, a debtor in bankruptcy, as to MMA's claimed property interest in the subject funds, which are clearly part of the bankruptcy estate under 11 U.S.C. § 541(a)(1). As such, Cox's motion appears to be a "prohibited effort" in violation of 11 U.S.C. § 362(a)(3). *Fulton*, *supra*.[12]

The court then instructed Cox that, to the extent it desired relief from the automatic stay, "permitting it to litigate the nature and extent of any property interest MMA may have in these and other similar funds in other cases, bankruptcy law provides Cox with an avenue for such relief in the form of a motion filed in the bankruptcy court. 11 U.S.C. §

---

[9] No. 2:22-CV-04360, 2025 WL 1288967 (W.D. La. Apr. 9, 2025).
[10] *Id.* at *1.
[11] *Id.* at *2.
[12] *Id.* at *3.

362(d)."[13]

The same is true here. The Parties may seek relief from the Bankruptcy Court for the Southern District of Texas. Accordingly, the Motion to Exclude Former Counsel from Settlement Payment[14] is hereby DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 4th day of February, 2026.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[13] *Id.*
[14] Rec. Doc. 22.